UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE and MIRJANA
KREMONIC-LEE,

        Plaintiff(s),        CASE NUMBER: 07-10683
                                        HONORABLE VICTORIA A. ROBERTS
v.

NAM LE, EAST WEST MORTGAGE,
ADAM LUYSTERBORGS, BERKSHIRE
CAPITAL FINANCIAL, KEN PAZOOKI,
UNITED COMMERCIAL MORTGAGE, and
UFM COMMERCIAL,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendants Ken Pazooki ("Pazooki") and United Commercial Mortgage's ("UCM") motion to dismiss. (Doc. #2). Pazooki and UCM ask the Court to dismiss Plaintiffs Henry Lee and Mirjana Kremonic-Lee's (collectively "Plaintiffs") Complaint for the following reasons: (1) the suit should have been filed in Virginia; (2) UCM was not properly served; (3) UCM should not be jointly and severally liable with Defendant Berkshire Capital Financial ("BCF"); and (4) certain provisions of Plaintiffs' Complaint are false. Plaintiffs did not respond.

Also before the Court is Defendants Adam Luysterborgs ("Luysterborgs") and BCF's "Motion to Dismiss for Lack of Jurisdiction or Alternatively for Transfer to the Parties' Agreed Upon Forum." (Doc. #6). Luysterborgs and BCF ask the Court to first

1

dismiss Plaintiffs' tort and equitable claims then dismiss the entire case because the alleged damages will not meet the amount in controversy requirement.  Alternatively, Luysterborgs and BCF ask the Court to transfer the case to the United States District Court for the Northern District of Georgia.  Plaintiffs did respond to this motion.

Defendants' motions are **DENIED**.

## II.    BACKGROUND

Plaintiffs signed a Purchase Agreement for investment property in Midland, Michigan and sought financing from UCM.  On October 10, 2006, they received a Conditional Pre-Approval Letter from UCM stating they were pre-approved for permanent financing.  The letter contains a "Governing Law" clause:

> This agreement is being delivered and is to be performed in the state of Virginia and shall be construed and enforced in accordance with and governed by the laws of the state of Virginia. . . . Any litigation between the parties arising from this agreement shall only be brought in the State of Virginia and the parties hereby agree to such jurisdiction in the State of Virginia.

Plaintiffs signed and returned the letter along with $27,225.  On October 25, 2006, Plaintiffs received a $20,000 refund for third party reports.  UCM retained $7,225 as a commitment acceptance fee.

On October 23, 2006, BCF presented Plaintiffs with a non-recourse loan application.  Plaintiffs signed and returned the application along with $20,000.  Exhibit "A" contains a "Governing Laws, Jurisdiction" clause that states:

> The Loan Application and any Commitment Letter shall be governed and construed in accordance with the laws of the State of Georgia, but the Loan and the loan documents shall be governed by the law of the state where the Property is located.  Borrower, Guarantor and Lender hereby irrevocably agree that any suit, action or other legal proceeding arising out

2

> of or relating to this Application, the Commitment Letter or the Loan shall
> be instituted in the State or Superior Court of Fulton County, Georgia or
> the United States District Court for the Northern District of Georgia, and,
> by their execution hereof, the parties hereto do hereby consent to the
> jurisdiction of such courts and do hereby waive any objection to the laying
> of venue of any such suit, action or proceeding in any of such courts and
> any claim that any such suit, action or proceeding has been brought in an
> inconvenient forum.

Plaintiffs did not obtain financing from either UCM or BCF; it was obtained from another broker service at a higher rate. Plaintiffs filed suit against Pazooki, UCM, Luysterborgs, and BCF for fraudulent and innocent misrepresentation, breach of contract, promissory estoppel, professional malpractice, unjust enrichment, concert of action, civil conspiracy, conversion, negligence, and infliction of emotional distress.

## III. APPLICABLE LAW AND ANALYSIS

### A. Federal Court Jurisdiction

Plaintiffs allege federal court jurisdiction based on diversity, 28 U.S.C. §1332(a)(1): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different states[.]". The matter in controversy is between citizens of different states. The question is, does Plaintiffs' alleged damage meet the $75,000 threshold?

While not well written, Plaintiffs' Complaint read liberally meets the $75,000 requirement. Although Plaintiffs' action is against separate corporations with divisible harms ($7,225 from UCM and $20,000 from BCF), the Complaint alleges Defendants engaged in a conspiracy to convert the money tendered. Based on this allegation alone, the amounts must be aggregated. *See Sovereign Camp W.O.W. v. O'Neill*, 266

U.S. 292, 295-97 (1924). And, Plaintiffs would be entitled to treble damages if they prove statutory conversion. *See* MCL §600.2919a(1)(a) ("A person damaged as a result of . . . the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees: Another person's . . . converting property to the other person's own use."). Multiplying $27,225 times three equals $81,675. An additional award of $44,054.60 if Plaintiffs can prove they suffered this amount in damages for additional loan payments takes their total damage claim to $125,729.60.

**B. Forum-Selection Clauses**

The Court now determines if Plaintiffs' Complaint should have been filed in a different federal court pursuant to the forum-selection clauses.

"Although formerly disfavored, forum-selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 374 (6th Cir. 1999) (citations omitted); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (holding that federal district courts sitting in admiralty should enforce forum-selection clauses unless enforcement is shown by the resisting party to be unreasonable under the circumstances); *Carnival Cruise Lines, Inc. v. Schute*, 499 U.S. 585, 594-95 (1991) (upholding a forum-selection clause because respondents failed to "satisf[y] the 'heavy burden of proof' required to set aside the clause on grounds of inconvenience") (citation omitted); *Detroit Coke Corp. v. NKK Chemical USA, Inc.*, 794 F.Supp. 214, 217 (E.D. Mich. 1992) ("[forum-selection clauses] are . . . deemed to be 'prima facie valid' and are to be enforced 'unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances'") (citing *Moses v. Business Card Express, Inc.*, 929 F.2d

4

1131, 1136 (6th Cir. 1991)).

The Court can conclude the forum-selection clauses in UCM and BCF's contracts are unenforceable if Plaintiffs show: (1) "[they were] 'obtained by fraud, duress, the abuse of economic power or other unconscionable means[]'"; (2) "the designated forum[s] 'would be closed to the suit or would not handle it effectively or fairly[]'"; or (3) "the designated forum[s] 'would be so seriously an inconvenient forum that to require [them] to bring suit there would be unjust.'" *Security Watch*, 176 F.3d at 375 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS §80 cmt. c).

Plaintiffs say the Court should not enforce the forum-selection clauses because: (1) they would be required to litigate in two different states; (2) the property is located in Michigan; (3) the closing was set to occur in Michigan; (4) they are Michigan residents; (5) the contracts were executed in Michigan; and (6) the designated forums are inconvenient for potential witnesses who reside in Michigan.

The Court declines to enforce the forum-selection clauses. To require Plaintiffs to litigate the validity of their claims that depend on the same issue in two different forums would be seriously inconvenient.

## IV. CONCLUSION

Defendants' motions are **DENIED**. The Court retains jurisdiction. The Defendants are directed to file an Answer to the Complaint by **April 4, 2008.**

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
Dated: March 13, 2008      United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 13, 2008.

s/Carol A. Pinegar
Deputy Clerk